## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**TRIMARK NORTHSIDE LLC** **Plaintiff**

v. No. 3:23-cv-00440-MPM-JMV

**CW DEVELOPMENTS INC. and** **Defendants**
**CODY WOODS**

### ORDER

This cause comes before the Court on Defendants CW Developments, Inc. and Cody Woods' (collectively, the "Defendants") Motion for Extension of Time to Respond to Attorney's Motion [35] and Motion to Set Aside Default Judgment [36]. Plaintiff Trimark Northside LLC ("Trimark") has responded in opposition to both motions. The Court, having reviewed the record and the applicable law, is now prepared to rule on both motions.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 17, 2023, Trimark filed its original complaint against Defendants, alleging breach of contract, among other claims, for failure to complete the reconstruction of Trimark's apartments and for performing inadequate work on the project. On February 28, 2024, after several attempts, Trimark effected service of the summons and the original, First and Second Amended Complaints on Defendants. Defendants failed to appear and defend, and subsequently, the Clerk of Court entered Default on April 8, 2024. Trimark filed a Motion for Default Judgment, and without opposition from Defendants, this Court granted Trimark's motion and closed the case on May 22, 2024. It was not until this Court granted Trimark's Motion for Attorney's Fees on September 5, 2024, that Defendants made their first appearance in this case. Defendants now seek to set aside the default judgment, asserting that they were unable to obtain counsel until the end of August 2024.

1

## STANDARD OF REVIEW

Rule 55(c) authorizes the court to set aside an entry of default under Rule 60(b) or upon a showing of good cause. Fed. R. Civ. P. 55(c). Under Rule 60(b), the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60

The decision to set aside a judgment of default is within the sound discretion of the district court. *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). The Fifth Circuit has established a three-part test for determining whether to set aside the default. "[T]he district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). "But these factors are not exclusive. Other considerations may be taken into account, including whether a party ... acted expeditiously to correct the default." *Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC*, 325 F.R.D. 570, 575 (E.D. La. 2016) (citing *In re Chinese Manufactured Drywall Products Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2004)).

## ANALYSIS

Defendants ask this Court to vacate the default judgment in favor of Trimark, offering as good cause their repeated, yet unsuccessful, attempts to retain counsel. This Court must first address whether the default was willful. "The Fifth Circuit has defined willfulness as 'an intentional failure to respond to litigation.'" *Pelican*, 325 F.R.D. at 575 (quoting *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008)). The Fifth Circuit has also upheld that the inability to promptly retain counsel does not qualify as "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b). *Lewis v. Barnhart*, 73 F. App'x 715, 717 (5th Cir. 2003); Fed. R. Civ. P. 60.

2

As Trimark points out in its supporting memorandum, the U.S. District Court for the Western District of Texas found that a defendant's failure to timely answer constitutes willful default, rather than excusable neglect, where the defendant's inaction resulted from her unsuccessful efforts to solicit counsel. *Interscope Recs. v. Benavides*, 241 F.R.D. 458, 461 (W.D. Tex. 2006). The district court reasoned that "the difficulty and expense of obtaining counsel does not constitute good cause for default, especially in light of the fact that defendant made little effort to explain her situation to the Court and no effort to explain her situation to opposing counsel." *Id*. This Court agrees with the district court's rationale that "if the Court were to excuse her failure to answer on this ground then the default option would be an empty threat to any pro se defendant who neglected to file an answer." *Id*. at 462. At any point upon receipt of the summons until the entry of default, Defendants could have notified this Court or opposing counsel of its attempts to obtain counsel, rather than evading the inevitable judicial process looming before them. This Court recognizes Defendants' unsuccessful efforts to secure counsel; however, it observes that numerous pro se litigants, often lacking the resources available to a corporation, still manage to appear and defend themselves rather than consciously ignoring litigation after being served. Moreover, Defendants failed to expeditiously resolve the default after the final judgment was entered on May 22, 2024. It was only after this Court granted Trimark's motion for attorney's fees on September 5, 2024, that Defendants promptly appeared. Thus, the Court concludes that the inaction of Defendants to appear and respond constitutes willful default, rather than excusable neglect.

Although many controlling decisions hold that this finding alone is sufficient to deny relief from a default judgment, the Court will briefly address the remaining factors. *See*, *e.g., Dierschke*, 975 F.2d at 184-85, *and Chinese Drywall*, 742 F.3d at 594. "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its

3

case.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Trimark claims the 18-month delay and associated expense in attempting to collect the amounts owed constitute sufficient prejudice to sustain the judgment of default; however, mere delay does not constitute prejudice, but rather Trimark must demonstrate that "the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id*. (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Trimark has made no such showing, and the Court finds no risk of unfair prejudice to Trimark under these circumstances.

Lastly, in determining whether good cause exists to set aside a default, Defendants must present a meritorious defense. "Even in the absence of willful neglect by the defendant or unfair prejudice to the plaintiff, a district court may have the discretion not to upset a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party." *Lacy*, 227 F.3d at 293. The moving party shall provide "definite factual allegations, as opposed to mere legal conclusions, in support of [its] defense." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). The viability of such defense is not whether it is likely to succeed, but whether the submitted evidence, if proven at trial, would constitute a complete defense. *Id*. (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).

Defendants present nothing more than a one-sentence allegation of a subcontractor's breach of contract as their meritorious defense. To support its defense for breach of contract, Defendants must bring forth factual allegations to show "the existence of a valid and binding contract," and "that the [opposing party] has broken, or breached it." *Maness v. K & A Enterprises of Mississippi, LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)). Defendants have failed to meet this burden, and their allegation

4

of a subcontractor's breach of contract does not provide a complete defense against their own negligence on the project.

While it is true that courts favor trials on the merits, it cannot be denied that Defendants had a full and fair opportunity to raise their objections against Trimark and, if unsuccessful on those grounds, to defend against Trimark's lawsuit on the merits. Given the reasons outlined above, the Court must deny Defendants' motion to set aside the default, thereby rendering Defendants' motion for extension of time to respond moot.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendants CW Developments, Inc. and Cody Woods' (collectively, the "Defendants") Motion to Set Aside Default Judgment [36] is **DENIED**, and Motion for Extension of Time to Respond to Attorney's Motion [35] is **DISMISSED** as moot.

SO ORDERED this 13th day of November, 2024.

                                                /s/Michael P. Mills
                                                UNITED STATES DISTRICT JUDGE
                                                NORTHERN DISTRICT OF MISSISSIPPI